I
 {¶ 47} I respectfully dissent from Judge Hoffman's opinion on the "named insured" issue, that the inclusion of individuals as named insureds does not create a distinction from Scott-Pontzer based upon this court's holding in Burkhart, supra.
 {¶ 48} Because the declarations include named individuals, I find the policy language is not ambiguous and therefore Scott-Pontzer does not apply. See, Pahler, supra, (Farmer, J., dissenting); Westfield InsuranceCo. v. Galatis, Summit App. No. CA20784, 2002-Ohio-1502; White v.American Manufacturers (August 9, 2002), Montgomery App. No. 19206. I note this finding is in direct conflict with this court's decisions inBurkhart, supra, and Still, supra. This writer was not involved in these decisions.
 {¶ 49} I would deny coverage based on this issue.
 II {¶ 50} I respectfully dissent from Judge Hoffman's opinion on the commercial general liability policy and concur with Judge Gwin's opinion in his concurring in part, dissenting in part opinion.
 {¶ 51} I find no coverage under the commercial general liability policy. Together with Judge Gwin, I sustain this assignment of error.
 III, IV {¶ 52} I concur with Judge Hoffman's opinion on the notice and subrogation issue regarding the commercial auto policy. Although I would find no coverage based on the "named insured" issue, a majority of the panel finds appellee to be a named insured via Scott-Pontzer. As a result, I reviewed this issue and concur with Judge Hoffman that the notice and subrogation provisions are unenforceable because coverage arose by operation of law.
 V {¶ 53} I concur with Judge Hoffman's disposition of this assignment of error.
JUDGE SHEILA G. FARMER
 Topic: tc erred by extending coverage; operation of law; subrogation law.